## HENRY v. BOYLE AND OTHERS.

December 20, 1830.

*Rule to show cause why the execution should not be set aside.*

A writ of error, unaccompanied by *two* sureties on the recognizance of bail at the time of issuing such writ, is not a *supersedeas* of an execution issued on the judgment in the court below. No practice to the contrary can render nugatory the plain positive provisions of a statute.

THE opinion of the Court (BARNES, *President*; HALLOWELL, J.; and COXE, J.) which states all the facts, was delivered by

HALLOWELL, J.—The verdict in this case in this court was for the plaintiff, and judgment was entered *nisi* on the 17th of January 1828. A writ of error was taken out by the defendant, returnable to July term 1830 of the supreme court. The recognizance was given on the 3d of July by Patrick Boyle, one of the plaintiffs in error, and by one Mullen as surety.

The plaintiff below, deeming this no *supersedeas*, took out a *fieri facias*. This was a motion by defendants below to set the *fieri facias* aside; and a rule to show cause was granted. The question on this rule is, whether a writ of error taken out and accompanied only by one surety operates as a *supersedeas*, and prevents plaintiff below from issuing execution.

By the statutes of 3 *James* 1, *ch.* 8; 13 *Charles* 2, *ch.* 2, *sect.* 9; and of 16 and 17 *Charles* 2, *ch.* 8, *sect.* 3, referred to in *Roberts's Digest, p.* 41, and all reported by the judges of the supreme court of Pennsylvania to be in force here, it appears that a writ of error is declared to be no *supersedeas* unless accompanied by a recognizance taken in double the amount of the judgment *with two sufficient sureties.*

And the 6th rule of the supreme court (*sect.* 14, *p.* 9, *in Pamphlet of Rules*) prescribes the form of the recognizance to be given, which, by its terms and by necessary implication, requires, as the statutes do, *two* sureties in double the amount recovered. Here, then, is a positive law, corroborated and confirmed by a rule of the supreme court. How can we decide in opposition to it? It is said by the counsel for the defendants below, that the *practice* has been other-

[Henry v. Boyle.]

wise, and that *one surety* has of late years been taken. We cannot conceive how the practice of any office can defeat the operation of a plain and positive enactment. If it can, it must be at least an ancient, regular, uniform and consistent practice. The practice was generally, if not universally otherwise, and according to the statute, till the year 1820. It appears by searches, for the purpose made, that from 1822 till the present time, the practice has varied; sometimes *no* surety was given, sometimes *one,* and sometimes *two* : during that time eighteen instances have occurred where two sureties were taken. And we are well informed, that the prothonotaries of the supreme court were in the habit of telling the parties that if they wished the writ of error to supersede the execution they must give two. They were bound to give writs of error as *of right;* for a party is entitled to such writ, and may go on without surety and reverse the judgment, if he can, running the hazard of being liable to an execution if he pleases. But such a usage as has been made out is by far too loose to establish a practice sufficient to set aside a statute.

As to the conduct of the plaintiff below upon a former occasion, in not making objection to a writ of error issued before this, and afterwards *non pros'd,* and the alleged surprise on the defendants below, it cannot, in my opinion, have any effect with the court. " *Quisquis potest renunciare jure pro se introducto* ;" and if a man renounces his right in one instance, it does not bind him to do it in another.

The defendants here were bound, at their peril, to what the law imposed upon them to obtain a stay of execution. As to the effect which our decision will have upon other cases, I hope they will not be extensively injurious; perhaps where a defendant in error has appeared, and pleaded to the writ of error, or replied to an assignment of errors, he would be considered to have waived the objection for want of two sureties. On this we give no opinion; but, be that as it may, we must administer the law as we find it. Our opinion is, that the *fieri facias* issued in this case was regular, the writ of error having been no *supersedeas,* and that *the rule for setting it aside be discharged.*(a)

Rule discharged.

(a) See act of the 11th of March 1834, *Pamphlet Laws* 125, *Parke & Johnson's Dig.* 302.